E-FILED IN OFFICE - EP
TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02491-S4**
**3/30/2021 1:01 PM**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| CARL PARKER,<br><br>    **Plaintiff,**<br>vs.<br><br>**SMITH TRANSPORT PA, INC. d/b/a SMITH TRANPORT, INC. and ELLSWORTH GROCE,**<br><br>   **Defendants.** | **CIVIL ACTION FILE NO:** 21-C-02491-S4<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Carl Parker, and states his complaint against Defendants SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT, INC. and ELLSWORTH GROCE, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff, Carl Parker, is a resident of the State of Georgia.

2.

Defendant Smith Transport PA, Inc. d/b/a Smith Transport, Inc. (hereinafter "Defendant Smith Transport") is a foreign, for-profit corporation existing under the laws of the State of Georgia. Defendant Smith Transport may be served with a Summons and Complaint, pursuant to O.C.G.A. § 14-2-504, through its registered agent for service, C T Corporation System, located at 289 S. Culver St., Lawrenceville, GA 30046 as of the date of filing this Complaint.  Accordingly, jurisdiction and venue are proper as to this defendant.

### EXHIBIT "A"

Copy from re:SearchGA

3.

Defendant Ellsworth Groce (hereinafter "Defendant Groce") is a resident of the State of North Carolina, whose last known address is 238 Harrison Road, Norlina, NC  27563.  Defendant Groce may be served at that address pursuant to O.C.G.A § 9-10-94. Jurisdiction and venue are proper as to this nonresident, joint tortfeasor pursuant to O.C.G.A. § 40-12-3.

**COUNT I – NEGLIGENCE OF DEFENDANT ELLSWORTH GROCE**

4.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 3 above as if they were fully restated verbatim.

5.

On or about February 28, 2020, Plaintiff Carl Parker was traveling as a front-seat passenger in a 1999 Chevrolet and heading southbound on I-85 South in DeKalb County, Georgia.

6.

On or about the same time and place, Defendant Groce was driving a 2018 Freightliner Tractor Trailer and also heading southbound on I-85 South, when he negligently, recklessly, carelessly and unlawfully operated said truck so as to collide with the rear of the vehicle of the Plaintiff.

7.

As a result of the collision, Plaintiff Carl Parker suffered multiple injuries.

8.

At all relevant times, Defendant Groce owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Groce did violate them in the following particulars:

a.    In failing to make reasonable and proper observations while driving the tractor trailer truck; or, if reasonable and proper observations were made, failing to act thereon;

b.    In following too closely to the vehicle of the Plaintiff in violation of O.C.G.A. § 40-6-49;

c.    In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

d.    In failing to observe or undertake the necessary precautions to keep the tractor trailer he was operating from colliding into the vehicle of the Plaintiff in violation of O.C.G.A. § 40-6-390;

e.    In driving the tractor trailer truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.    In driving the tractor trailer truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g.    In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

9.

Defendant Groce's violations of the aforementioned duties of care constitute negligence *per se*.

Copy from re:SearchGA

10.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Groce, Plaintiff Carl Parker has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of $79,807.43 + in past medical expenses.

## COUNT II – NEGLIGENCE OF DEFENDANT SMITH TRANSPORT

11.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 10 above as if they were fully restated verbatim.

12.

At all relevant times, Defendant Groce was an employee and agent of Defendant Smith Transport and Defendant Groce was driving a tractor trailer within the course and scope of his employment with Defendant Smith Transport.

13.

Defendant Smith Transport is liable for the acts and omissions of Defendant Groce as Defendant Smith Transport's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

14.

Defendant Smith Transport negligently hired, retained, and supervised Defendant Groce.

Copy from re:SearchGA

15.

Defendant Smith Transport negligently entrusted the tractor trailer to Defendant Groce when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

16.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Smith Transport, Plaintiff Carl Parker's has suffered significant injuries, medical expenses, and damages.  These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess $79,807.43 + in past medical expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Carl Parker respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

Copy from re:SearchGA

(d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendants; and

(g) For such other and further relief as this Court deems just and appropriate.

This 30th day of March, 2021.

Respectfully Submitted,

/s/ Hector J. Rojas, Jr.
Hector J. Rojas, Jr., Esq.
Georgia Bar Number 996098
Attorney for Plaintiff

**Morgan & Morgan Atlanta, PLLC**
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-8837
hrojasjr@forthepeople.com

Copy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
TIANA P. GARNER
GWINNETT COUNTY, GEORGIA
21-C-02491-S4
3/30/2021 1:01 PM

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

# Carl Parker

_____

_____

PLAINTIFF

VS.

**Smith Transport PA, Inc d/b/a Smith Transport, Inc.**
_____

**Registered Agent: C T Corporation System**
_____

**289 S Culver St, Lawrenceville, GA 30046**
_____

DEFENDANT

CIVIL ACTION
NUMBER:___**21-C-02491-S4**_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Hector Rojas, Jr., Esq.
Morgan & Morgan Atlanta PLLC
P.O. Box 57007
Atlanta, GA  30343

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**30TH**_____ day of _____**MARCH**_____, 20__**21**__.

Tiana P. Garner
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - EP
TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-02491-S4
3/30/2021 1:01 PM

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Carl Parker**
_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: **21-C-02491-S4**
_____

VS.

**Ellsworth Groce**

**238 Harrison Road**

**Norlina, NC  27563**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Hector Rojas, Jr., Esq.
Morgan & Morgan Atlanta PLLC
P.O. Box 57007
Atlanta, GA  30343

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**30TH**_____ day of _____**MARCH**_____, 20 **21** .

Tiana P. Garner
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - EP
TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-02491-S4
3/30/2021 1:01 PM

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** Gwinnett _____ **County**

---

**For Clerk Use Only**

**Date Filed** _____
MM-DD-YYYY

**Case Number** 21-C-02491-S4 _____

---

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Parker, Carl | | | | | Smith Transport PA, Inc. d/b/a Smith Transport, Inc. | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | Groce, Ellsworth | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** Hector Rojas, Jr. _____  **Bar Number** 996098 _____  **Self-Represented** ☐

---

### Check One Case Type in One Box

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

---

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

E-FILED IN OFFICE - EP
TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02491-S4**
**3/30/2021 1:01 PM**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARL PARKER,**  <br><br>  **Plaintiff,**  <br> **vs.**  <br><br> **SMITH TRANSPORT PA, INC. d/b/a SMITH TRANPORT, INC. and ELLSWORTH GROCE,**  <br><br>  **Defendants.** | **CIVIL ACTION**  <br> **FILE NO: 21-C-02491-S4**  <br><br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ELLSWORTH GROCE

TO:  Defendant Ellsworth Groce
238 Harrison Road
Norlina, NC 27563

COMES NOW Plaintiff, Carl Parker, and hereby requests that defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

## <u>REQUESTS FOR ADMISSIONS</u>

1.

Please admit that at the time of the incident-in-suit you were driving the tractor trailer within the course and scope of your employment with Defendant Smith Transport.

2.

Please admit that you resided at 238 Harrison Road, Norlina, NC  27563 at the time this lawsuit was served on you.

3.

Please admit that this action is brought against the Defendant(s) properly and correctly name the parties to be sued in this case.

4.

Please admit that you were served with the Summons and Complaint in the above-styled action.

5.

Please admit that the tractor trailer operated by Defendant Groce was either owned by Defendant Groce or was being operated by Defendant Groce with the knowledge, permission and consent of its owner.

6.

Please admit that Defendant was negligent in the operation of the tractor trailer which resulted in the subject collision with the vehicle of the Plaintiff.

7.

Please admit that Defendant received a citation issued by the investigating law enforcement agency arising out of the subject collision.

8.

Please admit that Defendant pled guilty to said citation in connection with the subject collision.

9.

Please admit that Plaintiff was injured in the subject collision.

10.

Please admit that the Plaintiff's actions did not cause or contribute to the subject collision.

11.

Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject collision.

12.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

13.

Please admit that service of process was proper as to Defendant Groce.

14.

Please admit that venue for the above styled action is proper in Gwinnett County, Georgia.

15.

Please admit that this court has personal jurisdiction over Defendant Groce for purposes of this lawsuit.

***This Request for Admissions is served upon you together with Plaintiff's Summons and Complaint***.

This 30th day of March, 2021.

Respectfully Submitted,

/s/ Hector J. Rojas, Jr.
Hector J. Rojas, Jr., Esq.
Georgia Bar Number 996098
Attorney for Plaintiff

**Morgan & Morgan Atlanta, PLLC**
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-8837
hrojasjr@forthepeople.com

E-FILED IN OFFICE - EP
TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02491-S4**
**3/30/2021 1:01 PM**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

<table>
<tr>
<td>

**CARL PARKER,**

       **Plaintiff,**

**vs.**

**SMITH TRANSPORT PA, INC. d/b/a**
**SMITH TRANPORT, INC. and**
**ELLSWORTH GROCE,**

      **Defendants.**

</td>
<td>

**CIVIL ACTION**
**FILE NO: 21-C-02491-S4**



**JURY TRIAL DEMANDED**

</td>
</tr>
</table>

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT, INC.

TO:    Defendant Smith Transport PA, Inc. d/b/a
        Smith Transport, Inc.
        c/o its registered agent for service
        C T Corporation System
        289 S. Culver St.
        Lawrenceville, GA  30046

COMES NOW Plaintiff, Carl Parker, hereby requests that Defendant Smith Transport, admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36.  If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter.  If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications.  If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to

each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

The matters requested admitted are the following:

1.

Please admit that Defendant Smith Transport was personally served with the Summons and Complaint in the above-styled action.

2.

Please admit that this Defendant Smith Transport has been properly served with process in this action.

3.

Please admit that this Defendant raises no defenses as to insufficiency of process or insufficiency of service in this action.

4.

Please admit that venue for the above-styled case is proper in Gwinnett County, Georgia.

5.

Please admit that this Court has jurisdiction over Defendant Smith Transport for the purpose of this lawsuit.

6.

Please admit that Ellsworth Groce was the employee of Defendant Smith Transport at the time of the subject collision.

7.

Please admit that Defendant Groce was operating the tractor trailer at the time of the collision in the course and scope of this employment with Defendant Smith Transport.

8.

Please admit that Defendant Groce was driving the subject tractor trailer within the course and scope of this agency's relationship with Defendant Groce at the time of the collision-in-suit.

9.

Please admit that Defendant Groce was driving the subject tractor trailer truck within the course and scope of his contractual relationship with Defendant Smith Transport at the time of the collision-in-suit.

10.

Please admit that Defendant Groce was driving the subject tractor trailer truck within the course and scope his lease relationship with Defendant Smith Transport at the time of the collision-in-suit.

11.

Please admit that Defendant Smith Transport is liable under the doctrine of respondeat superior for the negligent acts and omissions of Defendant Groce, at the time of the subject collision.

***These Requests for Admission are served upon you together with Plaintiff's Complaint.***

< CONTINUED ONTO NEXT PAGE >

This 30th day of March, 2021.

Respectfully Submitted,

/s/ Hector J. Rojas, Jr.
Hector J. Rojas, Jr., Esq.
Georgia Bar Number 996098
Attorney for Plaintiff

**Morgan & Morgan Atlanta, PLLC**
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-8837
hrojasjr@forthepeople.com

E-FILED IN OFFICE - EP
TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02491-S4**
**3/30/2021 1:01 PM**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARL PARKER,**<br><br>                 **Plaintiff,**<br>**vs.**<br><br>**SMITH TRANSPORT PA, INC. d/b/a**<br>**SMITH TRANPORT, INC. and**<br>**ELLSWORTH GROCE,**<br><br>                 **Defendants.** | **CIVIL ACTION**<br>**FILE NO:** **21-C-02491-S4**<br><br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SMITH TRANSPORT, INC.

TO:    Defendant Smith Transport PA, Inc. d/b/a
       Smith Transport, Inc.
       c/o its registered agent for service
       C T Corporation System
       289 S. Culver St.
       Lawrenceville, GA  30046

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.  If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories.  All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, P.A., 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

I.    **DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies,

publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)      an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)      a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)      <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian.

In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## **INTERROGATORIES**

1.

Please identify the persons or entities who in any way owned and/or leased the subject truck or trailer referred to in the Complaint at the time of the incident involving the Plaintiff. If the ownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

3.

Please state whether Defendant Groce was acting within the course and scope of his employment with Defendant Smith Transport at the time of the incident at issue. If you claim he was not acting within the course and scope of his employment, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

5.

If the truck involved in the subject incident belongs to someone other than this Defendant, please explain the circumstances under which the vehicle came into the possession of the operator, the purpose for which the vehicle was being used and its destination.

6.

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

7.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend the Plaintiff violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

13.

Please identify with specificity any accident or incident involving personal injuries in which Defendant Smith Transport has been involved, either before or after the incident that is the

subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiffs' first request for production of documents.)

15.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

16.

For the date of the incident that is the subject of this lawsuit, state the times in which Defendant Groce went to work and the times he quit work on that date, and on each of the previous seven (7) days.

17.

Please state the point of origin, the destination, the reason for the trip, and at whose request was Defendant Groce driving the subject truck or tractor-trailer at the time of the incident described in Plaintiff's Complaint.

18.

If Defendant Groce has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

Please state the make, year, weight and model of the subject truck or tractor and trailer involved in the incident, and please identify the last date preceding the incident on which the tires were replaced or repaired on the vehicle, and please identify all mechanical repairs or services to the trailer preceding the crash.

20.

Has Defendant Groce ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint?

21.

Please state the factual basis for each defense that you assert in this action.

22.

If you contend that the Plaintiff, acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

23.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this

judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

24.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

25.

Please identify all policies and procedures in effect to supervise and regulate drivers of Defendants to determine their ability to safely operate and maintain tractor-trailer vehicles, such as the vehicle forming the basis of Plaintiff's Complaint.

26.

Did you make a determination as to whether this incident was preventable by or chargeable to Defendant Groce? If so, please state your determination and the reasons therefore.

27.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

28.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys

or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

a)      what each such item purports to show, illustrate or represent;

b)      the date it was made or taken; and

c)      the names and address of the person having custody of such item.

29.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

30.

Please state by whom Defendant Groce was given permission to operate the subject truck or tractor trailer and on what date authorization was given.

31.

Detail each and every arrangement or agreement between Defendant Smith Transport and Defendant Groce, or any other individual or entity under which  was performing services at the time of the subject incident.

32.

State the date and time of each and every inspection of the subject truck or tractor and trailer prior to this incident.  For each inspection, detail how the inspection was performed, identify who was present and the results of the inspection.

33.

Are you a motor common carrier for hire?

34.

Please state the names, addresses and job positions of all operations managers who were either working at the time of this incident or have knowledge of this incident.

35.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the collision forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

36.

Please provide the present location of the tractor-trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

37.

Please state whether Defendant Groce received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

38.

Please identify whether the subject truck or tractor trailer driven by Defendant Groce was equipped with any monitoring or recording devices (i.e., a "black box") at the time of the incident at issue, and if so, please identify all documents generated there from.

## **REQUEST FOR PRODUCTION**

Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiffs or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence, including any coverage available to Defendant Smith Transport (This request seeks each and every policy that may provide coverage in any amount.)

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of Defendant Groce.

8.

Please produce Defendant Groce's driver's qualification file.

9.

Please provide all maintenance and repair records on the truck and/or tractor and trailer involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to

the upkeep of the tractor and trailer involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your truck, trailer or equipment at issue.

11.

Each document submitted by you, or received from the police, the Interstate Commerce Commission, Department of Transportation or any other State, Federal or municipal entity investigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of your truck and/or tractor and trailer and any inspection records for the truck and/or tractor and trailer involved in the subject incident.

13.

Any and all documents in any way pertaining to  reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident and any other collisions involving , his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment.

14.

Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Defendant Smith Transport or the truck and/or tractor and trailer at issue.

15.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

16.

Copies of all company policies and procedures pertaining to the operation of trucks and any policies and procedures that in anyway apply to, cover, or govern Defendant Groce's employment.

17.

Copies of all work orders, daily loads and/or work reports for September 18, 2019, as it relates to the driver, truck, trailer, or trip which is the subject of this incident.

18.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving the tractor trailer vehicle prior September 18, 2019.

19.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

20.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

21.

Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

22.

Please produce the certificate of title, and/or other proof of ownership, and/or lease agreement for the truck and/or tractor trailer involved in the wreck that is the subject matter of this civil action.

23.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendants.

24.

Copies of any and all reports, interoffice memoranda or other documents relating to matters which are the subject of this Complaint.

25.

Copies of any and all log books for Defendant Groce for the months of December 2019, January 2020, and January 2021.

26.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the discovery of other admissible evidence.

This 30th day of March, 2021.

Respectfully Submitted,

/s/ Hector J. Rojas, Jr.
Hector J. Rojas, Jr., Esq.
Georgia Bar Number 996098
Attorney for Plaintiff

**Morgan & Morgan Atlanta, PLLC**
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-8837
hrojasjr@forthepeople.com

E-FILED IN OFFICE - EP
TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02491-S4**
**3/30/2021 1:01 PM**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARL PARKER,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| **vs.** | **FILE NO:** **21-C-02491-S4** |
| **SMITH TRANSPORT PA, INC. d/b/a SMITH TRANPORT, INC. and ELLSWORTH GROCE,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## **RULE 5.2 CERTIFICATE OF SERVICE**

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter with a copy of the following:

1. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ELLSWORTH GROCE;
2. PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ELLSWORTH GROCE;
3. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT, INC.;
4. PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT, INC.

< CONTINUED ONTO NEXT PAGE >

This 30th day of March, 2021.

Respectfully Submitted,

/s/ Hector J. Rojas, Jr.
Hector J. Rojas, Jr., Esq.
Georgia Bar Number 996098
Attorney for Plaintiff

**Morgan & Morgan Atlanta, PLLC**
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-8837
hrojasjr@forthepeople.com

2

E-FILED IN OFFICE - EP
TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02491-S4**
**3/30/2021 1:01 PM**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARL PARKER,** | **CIVIL ACTION** |
| **Plaintiff,** | **FILE NO: 21-C-02491-S4** |
| **vs.** | |
| **SMITH TRANSPORT PA, INC. d/b/a SMITH TRANPORT, INC. and ELLSWORTH GROCE,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ELLSWORTH GROCE

TO:    Defendant Ellsworth Groce
        238 Harrison Road
        Norlina, NC  27563

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.  If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained

hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories.  All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, PLLC, 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

I.     **DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy

of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a) an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b) a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c) document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.     **INTERROGATORIES**

### 1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

### 2.

State the name and address of any person, including any party, who to your knowledge information or belief:

    (a)     was an eyewitness to the incident underlying this litigation;

    (b)     has some knowledge of any fact or circumstance upon which your defense is based; or

    (c)     has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of the Plaintiff.

### 3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

### 4.

Has any entity issued a policy of liability insurance to you or which is or arguably should be extending insurance coverage to you?  If so, please state for each policy:

    (a)     the name of the insurer providing liability insurance;

    (b)     the limits of coverage;

(c)     the name of the insured on the policy; and

(d)     the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance?  If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a)     state the subject matter on which s/he is expected to testify;

(b)     state in detail the opinions held by each such expert or technician; and

(c)     give a complete summary of the grounds for each opinion held.

8.

Were you on the business of any individual or entity at the time of the subject incident?  If so, please identify any such individual or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge. (See Lewis v. The State, 243 Ga. 443; Hightower v. G.M., 175 Ga. App. 112).

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

State each and every fact supporting your contention that the Plaintiff's alleged injuries pre-existed the incident underlying this litigation and identify:

(a)    each eyewitness that will testify to those facts; and

(b)    each and every document or tangible piece of evidence that will evidence those facts.

12.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

(a)    each eyewitness that will testify to those facts; and

(b)    each and every document or tangible piece of evidence that will evidence those facts.

13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the incident underlying this litigation?

17.

Do you contend that any of the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon the Defendants?  If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that the named Defendants have been improperly named or the

agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to any of the named Defendants, jurisdiction is lacking over any of the named Defendants in this Court, or that service of process has been deficient on any of the named Defendants in this matter?  If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the subject truck being operated at the time of the subject incident, please identify:

(a)     the owner and/or lessee of the vehicle;

(b)     the frequency with which you drove the vehicle;

(c)     who paid for the gas and maintenance on the vehicle; and

(d)     if you did not own the vehicle, state whether or not you had the permission of the owner/lessee to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license?  If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

23.

For each request to admit that you denied, please identify:

(a)     each eyewitness that will testify to those facts supporting your denial; and

(b)     each and every document or tangible piece of evidence that will evidence facts
supporting your denial.

## III.     REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the vehicle you were driving at the time of the subject incident.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No.16.

13.

A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment Plaintiff received prior to the subject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state the following:

    (a)    the date each document was generated;

    (b)    the person generating each document;

    (c)    the present custodian of each document; and

    (d)    a description of each document.

*These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.*

This 30th day of March, 2021.

Respectfully Submitted,

/s/ Hector J. Rojas, Jr.
Hector J. Rojas, Jr., Esq.
Georgia Bar Number 996098
Attorney for Plaintiff

**Morgan & Morgan Atlanta, PLLC**
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-8837
hrojasjr@forthepeople.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02491-S4**
**4/7/2021 1:09 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Gwinnett**                    **State Court**

Case Number: 21-C-02491-S4

Plaintiff:
**CARL PARKER**

vs.

Defendant:
**SMITH TRANSPORT PA, INC.d/b/a SMITH TRANPORT, INC.**
**and ELLSWORTH GROCE,**

For:
Hector Rojas Jr
Morgan & Morgan Atlanta PLLC

Received by Ancillary Legal Corporation on the 5th day of April, 2021 at 2:11 pm to be served on **Smith Transport PA, Inc. d/b/a Smith Transport, Inc. c/o C.T. Corporation System, registered agent, 289 S. Culver St., Lawrenceville, GA 30046**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **6th day of April, 2021** at **1:57 pm, I:**

served **Smith Transport PA, Inc. d/b/a Smith Transport, Inc. c/o C.T. Corporation System, registered agent** by delivering a true copy of the **Summons, Complaint and Demand for Trail by Jury,  Plaintiff's First Request Set of Interrogatories and Request for Production of Documents to Defendant Smith Transport, Inc., Rule 5.2 Certificate of Service, Plaintiff's First Request for Admissions to Defendant Ellsworth Groce, Plaintiff's First Request for Admissions to Defendant Smith Transport PA, Inc. d/b/a Smith Transport, Inc., Plaintiff's First Request Set of Interrogatories and Request for Production of Documents to Defendant Ellsworth Groce** to: C.T. Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks as **Process Specialist** at the address of: **289 S. Culver St., Lawrenceville, GA 30046**.

**Additional Information pertaining to this Service:**
4/6/2021  1:57 pm  served Linda Banks, at 289 S. Culver St., Lawrenceville, GA 30046

**Description** of Person Served: Age: 65, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 140, Hair: Grey, Glasses: Y

Copy from re:SearchGA

## AFFIDAVIT OF SERVICE For 21-C-02491-S4

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of  the parties. I am 18 or more years of age and am authorized to serve process.

OFFICIAL SEAL
Thomas J Diggins
NOTARY PUBLIC-GEORGIA
Gwinnett County COUNTY
My Comm. Expires February 8th, 2025

Subscribed and Sworn to before me on the ___7th___
day of ___April___, ___2021___ by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2021003818
Ref: PARKER

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

Copy from re:SearchGA

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02491-S4**
**6/18/2021 10:50 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARL PARKER,** | |
|       **Plaintiff,** | |
| **vs.** | **CASE ACTION** |
| **SMITH TRANSPORT PA, INC. d/b/a**<br>**SMITH TRANSPORT INC and**<br>**ELLSWORTH GROCE,** | **FILE NO. 21-C-02491-S4** |
|       **Defendants.** | |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT INC

COMES NOW Plaintiff, and hereby files his Motion for Default Judgment against Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc, showing in support thereof as follows:

1.

Plaintiff originally filed the above-styled action on March 30, 2021.

2.

Defendant Smith Transport was duly and lawfully served, through its registered agent for service, C T Corporation System, with the Summons and Complaint on April 6, 2021.

3.

Although said Defendant was lawfully served with the Summons and Complaint in the above-styled action, Defendant failed to file Answers to the Complaint within the thirty-day time frame prescribed by law.

4.

More than 68 days have elapsed since the date of service on said Defendant.

Copy from re:SearchGA

5.

By virtue of the above, said Defendant has admitted all well-pleaded facts contained in the Complaint.

6.

Plaintiff is entitled to judgment as a matter of law against Defendant Smith Transport for negligence, negligence per se, and for any and all injuries and damages to Plaintiff arising out of the incident which took place on February 28, 2020.

WHEREFORE, Plaintiff respectfully prays that this Court enter final Order and judgment in favor of Plaintiff and against Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc.

This 17th day of June, 2021.

Respectfully Submitted,

/s/Hector J. Rojas, Jr.

_____
Hector J. Rojas, Jr.
Georgia Bar No.: 996098
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-8837
Fax:   (404) 720-3781
hrojasjr@forthepeople.com

Copy from re:SearchGA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CARL PARKER,<br><br>        Plaintiff,<br><br>vs.<br><br>SMITH TRANSPORT PA, INC. d/b/a<br>SMITH TRANSPORT INC and<br>ELLSWORTH GROCE,<br><br>        Defendants. | CASE ACTION<br><br>FILE NO. 21-C-02491-S4 |

### AFFIDAVIT OF HECTOR J. ROJAS, JR.

PERSONALLY APPEARED BEFORE ME, the undersigned officer duly authorized to administer oaths, HECTOR J. ROJAS, JR., ESQ., who, after being duly sworn, on oath deposes and says:

I, Hector J. Rojas Jr., Attorney for the Plaintiff, do hereby certify to the Court, in accordance with Uniform Superior Court Rule 15, the following:

1.

Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc was duly and lawfully served, pursuant to O.C.G.A. § 14-2-504, through its registered agent for service, C T Corporation System, with the Summons and Complaint on April 6, 2021.

2.

The Affidavit of Service upon Smith Transport PA, Inc. d/b/a Smith Transport Inc was filed with the Clerk of Court on April 7, 2021.

Copy from re:SearchGA

3.

To date, Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc has filed no defensive pleading as shown by the Court's records.

4.

Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc is a foreign corporation and, thus, has no military status.

FURTHER AFFIANT SAITH NOT.

This 17th day of June, 2021.

Hector J. Rojas, Jr.
Georgia Bar No. 996098
Attorney for Plaintiff

Sworn to and subscribed before me
This 16th day of June, 2021.

Notary Public
My Commission Expires: June 25, 2022

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CARL PARKER,<br><br>       Plaintiff,<br><br>vs.<br><br>SMITH TRANSPORT PA, INC. d/b/a<br>SMITH TRANSPORT INC and<br>ELLSWORTH GROCE,<br><br>      Defendants. | CASE ACTION<br>FILE NO. 21-C-02491-S4 |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing MOTION FOR ENTRY

OF DEFAULT JUDGMENT AGAINST DEFENDANT SMITH TRANSPORT PA, INC d/b/a

SMITH TRANSPORT INC upon all parties to this matter by depositing a true copy of same in

the United States Mail, proper postage prepaid, addressed as follows:

Smith Transport PA, Inc. d/b/a Smith Transport, Inc.
c/o its registered agent for service
C T Corporation System
289 S. Culver St.
Lawrenceville, GA  30046
*Pro Se Defendant*

Mr. Ellsworth Groce
238 Harrison Road
Norlina, NC  27563
*Pro Se Defendant*

< CONTINUED ONTO NEXT PAGE >

Copy from re:SearchGA

This 18th day of June, 2021.

Respectfully Submitted,

/s/Hector J. Rojas, Jr.

_____

Hector J. Rojas, Jr.
Georgia Bar No.:  996098
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:    (404) 965-8837
Fax:    (404) 720-3781
hrojasjr@forthepeople.com

Copy from re:SearchGA

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

<table>
<tr>
<td>

**CARL PARKER,**

       **Plaintiff,**

**vs.**

**SMITH TRANSPORT PA, INC. d/b/a**
**SMITH TRANSPORT INC and**
**ELLSWORTH GROCE,**

       **Defendants.**

</td>
<td>

**CASE ACTION**

**FILE NO. 21-C-02491-S4**

</td>
</tr>
</table>

**<u>ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST</u>**
**<u>DEFENDANT SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT INC</u>**

It appearing to the Court that the Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc was properly served in this action, and having filed no Answers or other defensive pleadings within the time allowed by law, it is hereby ORDERED AND ADJUDGED that Plaintiff has and recover judgment against Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc in an amount to be determined at a bench or jury trial, as well as the costs of the filing of this action.

This _____ day of _____, 2021.

 

_____
Honorable Ronda Colvin Leary
State Court of Gwinnett County

< CONTINUED ONTO NEXT PAGE >

Ordered and Prepared by:

/s/Hector J. Rojas, Jr.

_____

Hector J. Rojas, Jr.
Georgia Bar No.:  996098
Attorney for Plaintiff
MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:     (404) 965-8837
Fax:     (404) 720-3781
hrojasjr@forthepeople.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-02491-S4

6/21/2021 1:33 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARL PARKER,** | |
| **Plaintiff,** | |
| **vs.** | **CASE ACTION** |
| | **FILE NO. 21-C-02491-S4** |
| **SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT INC and ELLSWORTH GROCE,** | |
| **Defendants.** | |

## ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT INC

It appearing to the Court that the Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc was properly served in this action, and having filed no Answers or other defensive pleadings within the time allowed by law, it is hereby ORDERED AND ADJUDGED that Plaintiff has and recover judgment against Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc in an amount to be determined at a bench or jury trial, as well as the costs of the filing of this action.

This ___21___ day of ___June___, 2021.

Honorable Ronda Colvin Leary
State Court of Gwinnett County

Copy from re:SearchGA

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02491-S4**

**7/1/2021 6:02 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

<table>
<tr>
<td>

**CARL PARKER,**

     **Plaintiff,**

**vs.**

**SMITH TRANSPORT PA, INC. d/b/a**
**SMITH TRANSPORT, INC. and**
**ELLSWORTH GROCE,**

     **Defendants.**

</td>
<td>

**CASE ACTION**
**FILE NO.: 21-C-02491-S4**

</td>
</tr>
</table>

### DEFENDANT  SMITH TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Smith Transport, Inc.—identified as Smith Transport PA, Inc. d/b/a Smith Transport, Inc.—("Smith Transport" or "Defendant"), raising defenses, answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred because of insufficiency of process and/or insufficiency of service of process against Defendant.

### THIRD DEFENSE

Under the doctrine of comparative or contributory negligence, Plaintiff's claims are barred in whole or in part by Plaintiff's own negligent failure to exercise reasonable care for his own safety. Accordingly, any recovery to which Plaintiff might otherwise be entitled—which Defendant denies—must be diminished to the extent Plaintiff's own negligence proximately caused or contributed to the accident and injuries alleged.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, were caused, in whole or in part, by the acts or omissions of third persons and/or entities for whose conduct Defendant is not liable.

## FIFTH DEFENSE

Defendant is neither the cause in fact nor the proximate cause of Plaintiff's alleged damages.

## SIXTH DEFENSE

Plaintiff's damages, if any, were the proximate result of one or more preceding, subsequent, superseding, or intervening events over which Defendant had no control.

## SEVENTH DEFENSE

Plaintiff's claims are or may be barred by waiver and/or estoppel.

## EIGHTH DEFENSE

Defendant did not breach any duty owed to Plaintiff in tort; therefore, Plaintiff is barred from any recovery against Defendant.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred or reduced by Plaintiff's failure to exercise reasonable diligence to mitigate Plaintiff's alleged damages.

## TENTH DEFENSE

Defendants reserve the right to assert the defense of spoliation of evidence, if appropriate.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the assumption of the risk doctrine.

## TWELFTH DEFENSE

Defendant hereby gives notice that it intends to rely upon any other defenses or affirmative defenses that may become available or appear during the course of this case, and hereby reserve the right to amend its Answer to assert any such additional defenses or affirmative defenses.

## ANSWER TO PLAINTIFF'S COMPLAINT

Having raised affirmative defenses, and without waiving those defenses, Defendant responds to the specific allegations contained in Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

**1.**

Upon information and belief, admitted that Plaintiff is a citizen of the state of Georgia.

**2.**

Except to admit that Smith Transport, Inc. is a foreign corporation to the state of Georgia, the remainder of Paragraph 2 is denied.

**3.**

Except to admit that Defendant Groce is a resident of the State of North Carolina with the last known address of 238 Harrison Road, Norlina, North Carolina 27563, the remainder of Paragraph 3 call for legal conclusions, which do not require a response. To the extent the allegations of Paragraph 3 are intended to impute liability against Defendant, those allegations are denied.

## COUNT I – NEGLIGENCE OF DEFENDANT ELLSWORTH GROCE

**4.**

Defendant incorporates its prior responses and defenses as if fully set forth herein.

3

**5.**

Because the investigation of this matter is ongoing, Defendants are currently without sufficient knowledge to admit or deny these allegations, thus, the allegations contained in Paragraph 5 are denied.

**6.**

Denied.

**7.**

Because the investigation of this matter is ongoing, Defendants are currently without sufficient knowledge to admit or deny these allegations, thus, the allegations contained in Paragraph 7 are denied.

**8.**

Denied, including subparagraphs a. – g.

**9.**

Denied.

**10.**

Denied.

## COUNT II – NEGLIGENCE OF DEFENDANT SMITH TRANSPORT

**11.**

Defendant incorporates its prior responses and defenses as if fully set forth herein.

**12.**

The allegations of Paragraph 12 call for a legal conclusion to which no response is required. To the extent the allegations in Paragraph 12 are intended to impute liability to Defendants, those allegations are denied.

**13.**

The allegations of Paragraph 13 call for a legal conclusion to which no response is required. To the extent the allegations in Paragraph 13 are intended to impute liability to Defendants, those allegations are denied.

**14.**

Denied.

**15.**

Denied.

**16.**

Denied.

**17.**

Defendants deny the allegations contained in Plaintiff's Prayers for Relief and further deny that Plaintiff is entitled to any relief against Defendants whatsoever. Any allegation not specifically admitted in this Answer is denied, including the Paragraph beginning with "WHEREFORE" and including subparts (a) – (g).

This the 1st day of July, 2021.

|  |  |
|---|---|
| Monarch Plaza, Suite 1600 | **BAKER, DONELSON, BEARMAN** |
| 3414 Peachtree Road NE | **CALDWELL & BERKOWITZ, PC** |
| Atlanta, Georgia 30326 |  |
| Telephone:  (404) 577-6000 |   /s/  Brent W. Cole |
| Facsimile:  (404) 221-6501 | MARK A. BARBER |
| Email: mbarber@bakerdonelson.com | Georgia State Bar No. 036875 |
| Email: bcole@bakerdonelson.com | BRENT W. COLE |
|  | Georgia State Bar No. 294999 |

*Attorneys for Defendants Smith Transport PA, Inc. d/b/a Smith Transport, Inc. and Ellsworth Groce*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing **DEFENDANT SMITH TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey filing system, which will automatically send email notification of such filing to the following attorneys of record and via U.S. First Class Mail:

Hector J. Rojas, Jr.
Morgan & Morgan Atlanta, PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007

This 1st day of July, 2021.

|  | **BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC** |
|---|---|
| Monarch Plaza, Suite 1600 | _/s/ Brent W. Cole_ |
| 3414 Peachtree Road NE | BRENT W. COLE |
| Atlanta, Georgia 30326 | Georgia State Bar No. 294999 |
| Telephone: (404) 577-6000 | |
| Facsimile: (404) 221-6501 | *Attorney for Defendants Smith Transport PA,* |
| Email: bcole@bakerdonelson.com | *Inc. d/b/a Smith Transport, Inc. and Ellsworth* |
| | *Groce* |

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02491-S4**
**7/23/2021 2:50 PM**
TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

CARL PARKER,                           )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )        CIVIL ACTION FILE
                                       )        NO. 21-C-02491-S4
ELLSWORTH GROCE, et al,                )
                                       )
                    Defendant,         )


#### DISMISSAL FOR WANT OF PROSECUTION AS TO ELLSWORTH GROCE

The above-styled case having been called in its order on the Civil No Service Calendar of

July 15, 2021, and no appearance being made by Plaintiff,

IT IS HEREBY ORDERED, that process abate therein and said case be dismissed

without prejudice.

SO ORDERED this  23  day of July, 2021.


_____
RONDA COLVIN LEARY, Judge
State Court of Gwinnett County



Copy to:

Hector J Rojas Jr (via email)
hrojasjr@forthepeople.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02491-S4**

**7/27/2021 11:56 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CARL PARKER, )
)
    Plaintiff, )
)    Case number:
)    21C-2491-4
vs. )
)
)
ELLSWORTH GROCE, et. al., )
)
    Defendant. )

## ORDER VACATING ORDER DISMISSING CASE

The above-styled case was inadvertently dismissed for want of prosecution on July 23, 2021.

However, this Court had previously continued this matter from the July 15th calendar.

Therefore, the Dismissal for Want of Prosecution entered by this Court on July 23rd is hereby vacated and set aside.

SO ORDERED this _27_ day of _____July_____, 2021.

                  Ronda Colvin Leary, Judge
                  State Court of Gwinnett County

copies to:

counsel of record

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CARL PARKER,<br><br>    **Plaintiff,**<br><br>vs.<br><br>**SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT, INC. and ELLSWORTH GROCE,**<br><br>    **Defendants.** | **CASE ACTION FILE NO.: 21-C-02491-S4** |

### DEFENDANT SMITH TRANSPORT, INC.'S MOTION TO OPEN DEFAULT

Defendant Smith Transport, Inc.—incorrectly identified in Plaintiff's Complaint as Smith Transport PA, d/b/a Smith Transport, Inc. ("Defendant")—by and through its undersigned counsel of record, respectfully moves this Court for an Order opening the default entered in this case. In support of this motion, Defendant relies on the concurrently filed Memorandum in Support of this Motion and supporting Affidavits.

WHEREFORE, Defendant prays that this Motion be granted and the default opened.

This the 6th day of August, 2021.

Monarch Plaza, Suite 1600
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone: (404) 577-6000
Facsimile: (404) 221-6501
Email: mbarber@bakerdonelson.com
Email: bcole@bakerdonelson.com

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

  */s/ Brent W. Cole*
MARK A. BARBER
Georgia State Bar No. 036875
BRENT W. COLE
Georgia State Bar No. 294999

*Attorneys for Defendants Smith Transport PA, Inc. d/b/a Smith Transport, Inc. and Ellsworth Groce*

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **DEFENDANT SMITH TRANSPORT, INC.'S MOTION TO OPEN DEFAULT** with the Clerk of Court using the Odyssey filing system, which will automatically send email notification of such filing to the following attorneys of record and via U.S. First Class Mail:

Hector J. Rojas, Jr.
Morgan & Morgan Atlanta, PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007

This 6th day of August, 2021.

**BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC**

Monarch Plaza, Suite 1600
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501
Email: bcole@bakerdonelson.com

  _/s/  Brent W. Cole_
BRENT W. COLE
Georgia State Bar No. 294999

*Attorney for Defendants Smith Transport PA, Inc. d/b/a Smith Transport, Inc. and Ellsworth Groce*

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **CARL PARKER,**<br><br>      **Plaintiff,**<br><br>**vs.**<br><br>**SMITH TRANSPORT PA, INC. d/b/a**<br>**SMITH TRANSPORT, INC. and**<br>**ELLSWORTH GROCE,**<br><br>      **Defendants.** | **CASE ACTION**<br>**FILE NO.: 21-C-02491-S4** |

### DEFENDANT SMITH TRANSPORT, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO OPEN DEFAULT

Defendant Smith Transport, Inc.—incorrectly identified in Plaintiff's Complaint as Smith Transport PA, d/b/a Smith Transport, Inc. ("Smith Transport" or "Defendant")—by and through its undersigned counsel of record, and without waiver of any defenses set forth within its Answer previously filed with the Court, moves for an Order opening default pursuant to O.C.G.A. § 9-11-55.

### I.    INTRODUCTION AND STATEMENT OF FACTS

On or about March 30, 2021, Plaintiff filed a Complaint in this Court alleging negligence against Defendant Smith Transport and co-defendant Ellsworth Groce. Attached hereto as **Exhibit A**. The Affidavit of Service, filed on April 7, 2021, states that Smith Transport PA, d/b/a Smith Transport, Inc. was served on April 6, 2021 through service on registered agent CT Corporation System. Attached hereto as **Exhibit B**. Plaintiff filed his motion for entry of judgment of default against Smith Transport on June 18, 2021, and this Court entered an Order granting Plaintiff's Motion on June 21, 2021. *See* **Exhibits C & D**, respectively. Upon receiving notice of the case,

Smith Transport promptly filed an Answer on July 1, 2021. *See* **Exhibit E**. Smith Transport also paid all court costs for this matter on July 1, 2021. *See* Cole Aff. ¶4, **Exhibit F**. On July 23, 2021, the Court dismissed the case for want of prosecution. *See* **Exhibit G**. However, the Court vacated that dismissal on July 27, 2021. *See* **Exhibit H.**

Defendant Groce has not yet been served and is not in default. *See* Cole Aff. ¶8, **Exhibit F**.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.  Applicable Statutes and Standard of Discretion.

Pursuant to O.C.G.A. § 9-11-55, at any time before final judgment,[1] a trial court has broad discretion under which to determine whether the facts of a particular case warrant opening the default, either for (1) providential cause, (2) excusable neglect, or (3) a finding of proper case, in the interests of justice. *Strader v. Palladian Enterprises, LLC*, 312 Ga. App. 646, 648 (2011). As the public policy of the State of Georgia strongly favors resolution of cases on their merits, the remedial provisions for opening a default are to be forgivingly applied. *See Strader*, 312 Ga. App. at 649; *Gilliam v. Love*, 275 Ga. App. 687, 688 (2005) ("Whenever possible cases should be decided on their merits for default judgment is not favored in law."). Accord *O.C.G.A. § 9-11-55(b); Shortnacy v. N. Atlanta Internal Med., P.C.*, 252 Ga. App. 321, 324 (2001) (opening default on liability when defendant forwarded his pleadings to his insurer but the pleadings were misplaced because the defendant had reason to believe that the suit was being defended by their insurance company, plaintiffs were not prejudiced by the opening of default and the potential for manifest injustice existed as defendant pled a meritorious defense); *Kaylor v. Atwell*, 251 Ga. App. 270, 271 (2001) (setting aside default judgment when defendant failed to timely answer due to an

---

[1] "Entry of default judgment on liability alone does not amount to a final judgment for purposes of OCGA § 9-11-55 (b), and therefore [defendant] correctly sought to open default without having to seek to set aside the judgment." *La Mara X, Inc. v Baden*, 340 Ga. App. 592, 593 n.2 (2017).

inadvertent mathematical miscalculation, but filed his motion to open default shortly after he received notice of the judgment and plaintiff demonstrated no prejudice to his case); *Ford v. Saint Francis Hosp., Inc.*, 227 Ga. App. 823, 826 (1997); *Ewing v. Johnston*, 175 Ga. App. 760, 764 (1985).

### B. This Court Should Grant Defendant Smith Transport's Motion to Open Default

This Court has discretionary authority to grant Smith Transport's Motion to Open Default. In Georgia, the opening of a default is governed by statute and case law interpreting that statute. Specifically, O.C.G.A. § 9-11-55(b) provides:

> At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial.

*Id*. In essence, O.C.G.A. § 9-11-55(b) provides discretion upon which the trial court decides whether or not to open default. In cases such as this, no two are alike and each must stand on its own merits. The facts in each case are different and the Court must look at each in the light of the facts peculiar to that particular case. *Cobb County Fair Ass'n, Inc. v. Boyle,* 143 Ga. App. 754, 756 (1977).

"The rule permitting opening of a default is remedial in nature and should be liberally applied, for default judgment is a drastic action and should be invoked only in *extreme* situations." *Ford v. Saint Francis Hosp., Inc.*, 227 Ga. App. at 826, (emphasis added); *Evans v. Willis,* 203 Ga. App. 699, 700 (1992). Moreover, whenever possible, a "case should be decided on [its] merits for default judgment is not favored in law . . . generally a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense." *Id.* Georgia courts

have "expressed a policy of liberality toward motions for relief from entry of default and have resolved doubts in favor of the party seeking the relief so that the case can be heard on the merits." *Whitley v. Bank South*, 185 Ga. App. 896, 898 (1988); *see also Laurel Baye Healthcare of Macon, LLC v. Neubauer*, 315 Ga. App. 474, 476 n.1 (2012) (noting that "whenever possible[,] cases should be decided on their merits[,] for default judgment is not favored in law.") (quoting *Ewing v. Johnston*, 175 Ga. App. 760, 764 (1985)). Therefore, default judgment should not be entered due to an oversight in handling the pleadings. *See Perkins Masonry Contr. v. Housing Auth.*, 184 Ga. App. 856 (1987) (holding that a trial court did not abuse its discretion in opening default when a defendant relied upon counsel in filing its answer with the court and counsel mistakenly believed an answer was filed).

Several factors the Court should look to when exercising its discretion in opening default are: (1) the degree of prejudice to the Plaintiff by the opening of default; (2) whether the defaulting party acted promptly upon learning no answer had been filed; and (3) the extent of the delay and whether defendant's neglect was excusable. *Id.* Prior to the entry of a default judgment, the Court has wide discretion where it looks to all facts to determine whether a proper case has been made to open default. *Tippins Bank & Trust Co. v. Atlantic Bank & Trust Co.,* 151 Ga. App. 179, 179(1979).

### 1. Defendant Smith Transport has satisfied the four prerequisites for opening default.

Smith Transport has, prior to this filing, filed its Answer and made a sufficient showing under oath that it has met the four prerequisites for opening default under O.C.G.A. § 9-11-55(b).

4

### a.    Defendant Smith Transport has made a showing under oath.

Foremost, Smith Transport's Motion to Open Default is supported by the Affidavit of Smith Transport's counsel, Brent Cole, which explains the circumstances regarding the filing of the formal Answer to Plaintiff's Complaint.  *See* Cole Aff. ¶¶ 3-6, Ex. D.

### b.    Defendant Smith Transport has offered to plead instanter under oath.

Second, prior to filing this Motion, Smith Transport paid costs and filed its Answer to Plaintiff's Complaint, which satisfies the second prong of offering to plead *instanter* in order to open default.  *See* Cole Affidavit ¶¶ 4-6.

### c.    Defendant Smith Transport has announced ready to proceed to trial.

Third, Smith Transport is ready to proceed to trial upon the merits of this matter after any default is opened.  *See* Cole Affidavit Aff. ¶ 7).

### d.    Defendant Smith Transport has a meritorious defense to Plaintiff's claims.

Smith Transport has established the fourth condition to opening a default—that it has a meritorious defense to Plaintiff's claims.  To establish a meritorious defense, a "defendant must demonstrate that if relief from default is granted, the outcome of the suit may be different from the result if the default stands." *Henderson v. Quadramed Corp.*, 260 Ga. App. 680, 681 (2003); *Exxon Corp v. Thomason*, 269 Ga. App. 761,763 (1998). There is no requirement, however, that the moving party provide in great detail the factual basis of the proposed defenses. *Cohutta Mills, Inc. v. Hawthorne Indus.*, 179 Ga. App. 815, 816 (1986).  Nor is a showing of a likelihood of ultimate complete success of any defense material; all that matters is that a defendant has produced an argument that raises a serious question regarding the propriety of a default.  *See Henderson*, 260 Ga. App. at 681.  Furthermore, a default only operates to admit well-pleaded allegations; therefore,

a defendant is not precluded from showing no claim existed that would allow plaintiff to recover. *Azarat Marketing Group, Inc. v. Dep't of Admin. Affairs, et al.*, 245 Ga. App. 256 (2000).

Smith Transport can establish a meritorious defense to Plaintiff's claims. As set forth in its Answer as well as the accompanying Affidavit of Ellsworth Groce, Groce asserts that he was not the proximate cause of Plaintiff's injuries—and, therefore, Smith Transport is not the cause—because the actions of third parties (including the driver of the vehicle in which Plaintiff was a passenger—caused the subject collision. Specifically, the drivers of two other vehicles failed to yield to Groce, and entered his lane of travel leading Groce to hit the rear of the vehicle in front of him. In Georgia, a motorist who rear-ends another is not automatically negligent, as "negligence is a matter for affirmative proof." *Lucas v. Love*, 238 Ga. App. 463, 465 (1999); *see also Verde v. Granary Enterprises*, 178 Ga. App. 773, 774 (1986) (explaining that the "mere fact that a vehicle is struck in the rear, is not sufficient to fix liability on the driver of the vehicle to the rear of the vehicle which is struck" is a correct statement of the law). Based upon this alone, Smith Transport has raised a legitimate question regarding the propriety of a default judgment in this case and has satisfied the requirement to set forth a meritorious defense under O.C.G.A. § 9-11-55(b). Should this Motion be granted, the outcome of the case, with respect to liability of Defendant Smith Transport, may be different. Accordingly, the default should be opened.

### 2.      This is a proper case for the opening of default.

This matter qualifies as a "proper case" to open default under O.C.G.A. § 9-11-55(b). Once a defendant meets the four prerequisites to open default under O.C.G.A. § 9-11-55(b), the trial court may open a default on the ground of providential cause, excusable neglect, or a proper case:

> [O.C.G.A. § 9-11-55(b)] conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, **as if reaching out to take in every conceivable case where**

6

> **an injustice might result if a default were not opened, the section goes on to say, "where the judge from all the facts shall determine that a proper case has been made …"**

*Henderson v. Quadramed Corp.*, 260 Ga. App. 680, 681 (2003) (emphasis added).

The "proper case" ground is the broadest of the grounds to open default, as its essence is the discretion of the trial judge and must be liberally construed. *Houston v. Lowes of Savannah, Inc.*, 136 Ga. App. 781, 782 (1975); *Miller v. Tranakos*, 198 Ga. App. 668, 670 (1991); *Whitley v. Bank S.*, 185 Ga. App. 896 (1988). **This ground empowers courts to open default in every conceivable case where injustice might result if default were not opened.** *See Houston*, 136 Ga. App. at 782. Therefore, a "proper case cannot be determined by fixed rules, but rather *must be decided based on the operative circumstances* in each particular case." *Henderson*, 260 Ga. App. at 681 (emphasis added). Georgia Courts have recognized several factors for determining whether opening default would be appropriate in a particular case, including "whether the opposing party was prejudiced by the delay and whether the defaulting party acted promptly after learning that no timely answer had been filed." *Feazell v. Gregg*, 270 Ga. App. 651, 654 (2004)

Importantly, Georgia courts have exhibited a preference for opening default and allowing an adjudication on the merits where there exists no evidence of prejudice to the plaintiff. *Id.* (holding that trial court did not abuse discretion in opening default when opposing party could not show prejudice); *see Johnson v. Am. Nat'l Red Cross*, 253 Ga. App. 587, 590 (2002) (affirming opening of default as a "proper case" where administrator of defendant mistakenly believed that complaint was being handled properly and where there was no evidence that opening default prejudiced plaintiff). Here, Smith Transport did not receive served copies of Plaintiff's Complaint from its registered agent in Georgia. *See* Warner Aff., attached as **Exhibit I**. Smith Transport is

unsure whether the discrepancies with the defendant named in this action may have resulted in confusion or mishandling on the part of the registered agent. *Id.*

      **3.**      **Plaintiff is not prejudiced by the opening of default.**

Most importantly, the Court's decision to open default does not prejudice Plaintiff.  Instead, opening default in this matter effectively places Plaintiff in the same position with Smith Transport as he is in with Defendant Groce—seeking discovery and proceeding to trial.  At this point in the case, Plaintiff and his counsel have invested likely few hours into this case since the complaint was filed, and must continue investing time and effort as he pursues this case against Defendant Groce, whether Smith Transport is present to defend liability here or not, because there is a second defendant in the case which can and will defend on liability, causation, and damages. *See Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400, 401 (1985) (reversing denial of motion to open default by co-defendants because facts presented "proper case" where plaintiff had not been prejudiced by default, not all defendants were in default, and interest of truth and justice would be served by allowing defendants to set up defenses).

      **4.**      **Denying Defendant Smith Transport's Motion to Open Default would operate as an injustice**

Not allowing Smith Transport to open default in this matter would result in severe injustice. Smith Transport would be deprived of asserting its meritorious defenses, resulting in a judgment that is not based on the merits of this case, but on a procedural defect.  *Ewing v. Johnston*, 175 Ga. App. 760, 764 (1985) ("Whenever possible cases should be decided on their merits for default judgment is not favored in law.").  Because Smith Transport has promptly met all requirements for opening default and has shown that this is a proper case, the Court should grant Smith Transport's Motion to Open Default in the interests of justice.

## III.    CONCLUSION

For each of the reasons set forth herein, justice requires that Smith Transport be permitted to open default as this is a proper case under O.C.G.A. § 9-11-55(b).  First, Smith Transport paid costs and diligently filed its Answer after the Order granting default judgment was entered.  See Cole Aff. ¶ 7.  Second, no prejudice will result from opening default.  Third, denying Smith Transport's Motion to Open Default would operate as an injustice.

Moreover, Smith Transport's filing of its Answer has not deprived Plaintiff of any rights, or remedies.  Conversely, not allowing Smith Transport to open default would deprive it of having this case decided on the merits, resulting in severe injustice.  For these reasons, Smith Transport should be permitted to open default.

This the 6th day of August, 2021.

Monarch Plaza, Suite 1600
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:   (404) 221-6501
Email: mbarber@bakerdonelson.com
Email: bcole@bakerdonelson.com

**BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC**

  /s/  Brent W. Cole
MARK A. BARBER
Georgia State Bar No. 036875
BRENT W. COLE
Georgia State Bar No. 294999

*Attorneys for Defendants Smith Transport,
Inc. and Ellsworth Groce*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing **DEFENDANT SMITH TRANSPORT, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO OPEN DEFAULT** with the Clerk of Court using the Odyssey filing system, which will automatically send email notification of such filing to the following attorneys of record and via U.S. First Class Mail:

Hector J. Rojas, Jr.
Morgan & Morgan Atlanta, PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007


This 6th day of August, 2021.

**BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC**

Monarch Plaza, Suite 1600
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501
Email: bcole@bakerdonelson.com

  _/s/  Brent W. Cole_
BRENT W. COLE
Georgia State Bar No. 294999

*Attorney for Defendants Smith Transport, Inc.
and Ellsworth Groce*

E-FILED IN OFFICE - EP
TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-02491-S4
3/30/2021 1:01 PM

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| CARL PARKER,<br><br>　　　　Plaintiff,<br>vs.<br><br>SMITH TRANSPORT PA, INC. d/b/a<br>SMITH TRANPORT, INC. and<br>ELLSWORTH GROCE,<br><br>　　　Defendants. | CIVIL ACTION<br>FILE NO: 21-C-02491-S4<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Carl Parker, and states his complaint against Defendants SMITH

TRANSPORT PA, INC. d/b/a SMITH TRANSPORT, INC. and ELLSWORTH GROCE, as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff, Carl Parker, is a resident of the State of Georgia.

2.

Defendant Smith Transport PA, Inc. d/b/a Smith Transport, Inc. (hereinafter "Defendant

Smith Transport") is a foreign, for-profit corporation existing under the laws of the State of

Georgia. Defendant Smith Transport may be served with a Summons and Complaint, pursuant to

O.C.G.A. § 14-2-504, through its registered agent for service, C T Corporation System, located at

289 S. Culver St., Lawrenceville, GA 30046 as of the date of filing this Complaint.  Accordingly,

jurisdiction and venue are proper as to this defendant.

## EXHIBIT "A"

Copy from re:SearchGA

3.

Defendant Ellsworth Groce (hereinafter "Defendant Groce") is a resident of the State of North Carolina, whose last known address is 238 Harrison Road, Norlina, NC  27563.  Defendant Groce may be served at that address pursuant to O.C.G.A § 9-10-94. Jurisdiction and venue are proper as to this nonresident, joint tortfeasor pursuant to O.C.G.A. § 40-12-3.

## COUNT I – NEGLIGENCE OF DEFENDANT ELLSWORTH GROCE

4.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 3 above as if they were fully restated verbatim.

5.

On or about February 28, 2020, Plaintiff Carl Parker was traveling as a front-seat passenger in a 1999 Chevrolet and heading southbound on I-85 South in DeKalb County, Georgia.

6.

On or about the same time and place, Defendant Groce was driving a 2018 Freightliner Tractor Trailer and also heading southbound on I-85 South, when he negligently, recklessly, carelessly and unlawfully operated said truck so as to collide with the rear of the vehicle of the Plaintiff.

7.

As a result of the collision, Plaintiff Carl Parker suffered multiple injuries.

8.

At all relevant times, Defendant Groce owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Groce did violate them in the following particulars:

a. In failing to make reasonable and proper observations while driving the tractor trailer truck; or, if reasonable and proper observations were made, failing to act thereon;

b. In following too closely to the vehicle of the Plaintiff in violation of O.C.G.A. § 40-6-49;

c. In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

d. In failing to observe or undertake the necessary precautions to keep the tractor trailer he was operating from colliding into the vehicle of the Plaintiff in violation of O.C.G.A. § 40-6-390;

e. In driving the tractor trailer truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f. In driving the tractor trailer truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

9.

Defendant Groce's violations of the aforementioned duties of care constitute negligence *per se*.

Copy from re:SearchGA

10.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Groce, Plaintiff Carl Parker has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of $79,807.43 + in past medical expenses.

## COUNT II – NEGLIGENCE OF DEFENDANT SMITH TRANSPORT

11.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 10 above as if they were fully restated verbatim.

12.

At all relevant times, Defendant Groce was an employee and agent of Defendant Smith Transport and Defendant Groce was driving a tractor trailer within the course and scope of his employment with Defendant Smith Transport.

13.

Defendant Smith Transport is liable for the acts and omissions of Defendant Groce as Defendant Smith Transport's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

14.

Defendant Smith Transport negligently hired, retained, and supervised Defendant Groce.

Copy from re:SearchGA

15.

Defendant Smith Transport negligently entrusted the tractor trailer to Defendant Groce when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

16.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Smith Transport, Plaintiff Carl Parker's has suffered significant injuries, medical expenses, and damages.   These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess $79,807.43 + in past medical expenses.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Carl Parker respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future
    medical expenses and loss of income in the past and future in such an amount as shall be
    proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendants; and

(g) For such other and further relief as this Court deems just and appropriate.

This 30th day of March, 2021.

Respectfully Submitted,

/s/ Hector J. Rojas, Jr.
Hector J. Rojas, Jr., Esq.
Georgia Bar Number 996098
Attorney for Plaintiff

**Morgan & Morgan Atlanta, PLLC**
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-8837
hrojasjr@forthepeople.com

Copy from re:SearchGA

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02491-S4**

**4/7/2021 1:09 PM**

TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Gwinnett**                    **State Court**

Case Number: 21-C-02491-S4

Plaintiff:
**CARL PARKER**

vs.

Defendant:
**SMITH TRANSPORT PA, INC.d/b/a SMITH TRANPORT, INC.**
**and ELLSWORTH GROCE,**

For:
Hector Rojas Jr
Morgan & Morgan Atlanta PLLC

Received by Ancillary Legal Corporation on the 5th day of April, 2021 at 2:11 pm to be served on **Smith Transport PA, Inc. d/b/a Smith Transport, Inc. c/o C.T. Corporation System, registered agent, 289 S. Culver St., Lawrenceville, GA 30046**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **6th day of April, 2021** at **1:57 pm, I:**

served **Smith Transport PA, Inc. d/b/a Smith Transport, Inc. c/o C.T. Corporation System, registered agent** by delivering a true copy of the **Summons, Complaint and Demand for Trail by Jury,  Plaintiff's First Request Set of Interrogatories and Request for Production of Documents to Defendant Smith Transport, Inc., Rule 5.2 Certificate of Service, Plaintiff's First Request for Admissions to Defendant Ellsworth Groce, Plaintiff's First Request for Admissions to Defendant Smith Transport PA, Inc. d/b/a Smith Transport, Inc., Plaintiff's First Request Set of Interrogatories and Request for Production of Documents to Defendant Ellsworth Groce** to: C.T. Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks as **Process Specialist** at the address of: **289 S. Culver St., Lawrenceville, GA 30046**.

**Additional Information pertaining to this Service:**
4/6/2021  1:57 pm  served Linda Banks, at 289 S. Culver St., Lawrenceville, GA 30046

**Description** of Person Served: Age: 65, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 140, Hair: Grey, Glasses: Y

## EXHIBIT "B"

## AFFIDAVIT OF SERVICE For 21-C-02491-S4

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

OFFICIAL SEAL
Thomas J Diggins
NOTARY PUBLIC-GEORGIA
Gwinnett County COUNTY
My Comm. Expires February 8th, 2025

**Christopher Todd Horton**
Process Server

Subscribed and Sworn to before me on the __7th__ day of __April__, __2021__ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2021003818
Ref: PARKER

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

Copy from re:SearchGA

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02491-S4**
**6/18/2021 10:50 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARL PARKER,**<br><br>          **Plaintiff,**<br><br>vs.<br><br>**SMITH TRANSPORT PA, INC. d/b/a**<br>**SMITH TRANSPORT INC and**<br>**ELLSWORTH GROCE,**<br><br>          **Defendants.** | **CASE ACTION**<br><br>**FILE NO. 21-C-02491-S4** |

### MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT INC

COMES NOW Plaintiff, and hereby files his Motion for Default Judgment against Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc, showing in support thereof as follows:

1.

Plaintiff originally filed the above-styled action on March 30, 2021.

2.

Defendant Smith Transport was duly and lawfully served, through its registered agent for service, C T Corporation System, with the Summons and Complaint on April 6, 2021.

3.

Although said Defendant was lawfully served with the Summons and Complaint in the above-styled action, Defendant failed to file Answers to the Complaint within the thirty-day time frame prescribed by law.

4.

More than 68 days have elapsed since the date of service on said Defendant.

**EXHIBIT "C"**

Copy from re:SearchGA

5.

By virtue of the above, said Defendant has admitted all well-pleaded facts contained in the Complaint.

6.

Plaintiff is entitled to judgment as a matter of law against Defendant Smith Transport for negligence, negligence per se, and for any and all injuries and damages to Plaintiff arising out of the incident which took place on February 28, 2020.

WHEREFORE, Plaintiff respectfully prays that this Court enter final Order and judgment in favor of Plaintiff and against Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc.

This 17th day of June, 2021.

Respectfully Submitted,

/s/Hector J. Rojas, Jr.

_____

Hector J. Rojas, Jr.
Georgia Bar No.: 996098
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:    (404) 965-8837
Fax:    (404) 720-3781
hrojasjr@forthepeople.com

Copy from re:SearchGA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **CARL PARKER,**<br><br>          **Plaintiff,**<br><br>vs.<br><br>**SMITH TRANSPORT PA, INC. d/b/a**<br>**SMITH TRANSPORT INC and**<br>**ELLSWORTH GROCE,**<br><br>          **Defendants.** | **CASE ACTION**<br><br>**FILE NO. 21-C-02491-S4** |

## AFFIDAVIT OF HECTOR J. ROJAS, JR.

PERSONALLY APPEARED BEFORE ME, the undersigned officer duly authorized to administer oaths, HECTOR J. ROJAS, JR., ESQ., who, after being duly sworn, on oath deposes and says:

I, Hector J. Rojas Jr., Attorney for the Plaintiff, do hereby certify to the Court, in accordance with Uniform Superior Court Rule 15, the following:

1.

Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc was duly and lawfully served, pursuant to O.C.G.A. § 14-2-504, through its registered agent for service, C T Corporation System, with the Summons and Complaint on April 6, 2021.

2.

The Affidavit of Service upon Smith Transport PA, Inc. d/b/a Smith Transport Inc was filed with the Clerk of Court on April 7, 2021.

Copy from re:SearchGA

3.

To date, Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc has filed no defensive pleading as shown by the Court's records.

4.

Defendant Smith Transport PA, Inc. d/b/a Smith Transport Inc is a foreign corporation and, thus, has no military status.

FURTHER AFFIANT SAITH NOT.

This 17th day of June, 2021.

Hector J. Rojas, Jr.
Georgia Bar No. 996098
Attorney for Plaintiff

Sworn to and subscribed before me
This 16th day of June, 2021.

Notary Public
My Commission Expires: June 25, 2022

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CARL PARKER,<br><br>     Plaintiff,<br><br>vs.<br><br>SMITH TRANSPORT PA, INC. d/b/a<br>SMITH TRANSPORT INC and<br>ELLSWORTH GROCE,<br><br>     Defendants. | CASE ACTION<br>FILE NO. 21-C-02491-S4 |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing MOTION FOR ENTRY

OF DEFAULT JUDGMENT AGAINST DEFENDANT SMITH TRANSPORT PA, INC d/b/a

SMITH TRANSPORT INC upon all parties to this matter by depositing a true copy of same in

the United States Mail, proper postage prepaid, addressed as follows:

Smith Transport PA, Inc. d/b/a Smith Transport, Inc.
c/o its registered agent for service
C T Corporation System
289 S. Culver St.
Lawrenceville, GA  30046
*Pro Se Defendant*

Mr. Ellsworth Groce
238 Harrison Road
Norlina, NC  27563
*Pro Se Defendant*

< CONTINUED ONTO NEXT PAGE >

Copy from re:SearchGA

This 18th day of June, 2021.

Respectfully Submitted,

/s/Hector J. Rojas, Jr.

_____
Hector J. Rojas, Jr.
Georgia Bar No.: 996098
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel:    (404) 965-8837
Fax:    (404) 720-3781
hrojasjr@forthepeople.com

Copy from re:SearchGA

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-02491-S4

6/21/2021 1:33 PM
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **CARL PARKER,**<br><br>   **Plaintiff,**<br><br>**vs.**<br><br>**SMITH TRANSPORT PA, INC. d/b/a**<br>**SMITH TRANSPORT INC and**<br>**ELLSWORTH GROCE,**<br><br>   **Defendants.** | **CASE ACTION**<br>**FILE NO. 21-C-02491-S4** |

<u>**ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST**</u>
<u>**DEFENDANT SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT INC**</u>

  It appearing to the Court that the Defendant Smith Transport PA, Inc. d/b/a Smith

Transport Inc was properly served in this action, and having filed no Answers or other defensive

pleadings within the time allowed by law, it is hereby ORDERED AND ADJUDGED that

Plaintiff has and recover judgment against Defendant Smith Transport PA, Inc. d/b/a Smith

Transport Inc in an amount to be determined at a bench or jury trial, as well as the costs of the

filing of this action.

    This  21  day of  June , 2021.

         _Ronda C Leary_
         Honorable Ronda Colvin Leary
         State Court of Gwinnett County

**EXHIBIT "D"**

Copy from re:SearchGA

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02491-S4**

**7/1/2021 6:02 PM**

TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARL PARKER,** | |
| **Plaintiff,** | **CASE ACTION** |
| **vs.** | **FILE NO.: 21-C-02491-S4** |
| **SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT, INC. and ELLSWORTH GROCE,** | |
| **Defendants.** | |

## DEFENDANT SMITH TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Smith Transport, Inc.—identified as Smith Transport PA, Inc. d/b/a Smith Transport, Inc.—("Smith Transport" or "Defendant"), raising defenses, answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred because of insufficiency of process and/or insufficiency of service of process against Defendant.

### THIRD DEFENSE

Under the doctrine of comparative or contributory negligence, Plaintiff's claims are barred in whole or in part by Plaintiff's own negligent failure to exercise reasonable care for his own safety. Accordingly, any recovery to which Plaintiff might otherwise be entitled—which Defendant denies—must be diminished to the extent Plaintiff's own negligence proximately caused or contributed to the accident and injuries alleged.

## EXHIBIT"E"

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, were caused, in whole or in part, by the acts or omissions of third persons and/or entities for whose conduct Defendant is not liable.

## FIFTH DEFENSE

Defendant is neither the cause in fact nor the proximate cause of Plaintiff's alleged damages.

## SIXTH DEFENSE

Plaintiff's damages, if any, were the proximate result of one or more preceding, subsequent, superseding, or intervening events over which Defendant had no control.

## SEVENTH DEFENSE

Plaintiff's claims are or may be barred by waiver and/or estoppel.

## EIGHTH DEFENSE

Defendant did not breach any duty owed to Plaintiff in tort; therefore, Plaintiff is barred from any recovery against Defendant.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred or reduced by Plaintiff's failure to exercise reasonable diligence to mitigate Plaintiff's alleged damages.

## TENTH DEFENSE

Defendants reserve the right to assert the defense of spoliation of evidence, if appropriate.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the assumption of the risk doctrine.

## TWELFTH DEFENSE

Defendant hereby gives notice that it intends to rely upon any other defenses or affirmative defenses that may become available or appear during the course of this case, and hereby reserve the right to amend its Answer to assert any such additional defenses or affirmative defenses.

## ANSWER TO PLAINTIFF'S COMPLAINT

Having raised affirmative defenses, and without waiving those defenses, Defendant responds to the specific allegations contained in Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

### 1.

Upon information and belief, admitted that Plaintiff is a citizen of the state of Georgia.

### 2.

Except to admit that Smith Transport, Inc. is a foreign corporation to the state of Georgia, the remainder of Paragraph 2 is denied.

### 3.

Except to admit that Defendant Groce is a resident of the State of North Carolina with the last known address of 238 Harrison Road, Norlina, North Carolina 27563, the remainder of Paragraph 3 call for legal conclusions, which do not require a response. To the extent the allegations of Paragraph 3 are intended to impute liability against Defendant, those allegations are denied.

## COUNT I – NEGLIGENCE OF DEFENDANT ELLSWORTH GROCE

### 4.

Defendant incorporates its prior responses and defenses as if fully set forth herein.

**5.**

Because the investigation of this matter is ongoing, Defendants are currently without sufficient knowledge to admit or deny these allegations, thus, the allegations contained in Paragraph 5 are denied.

**6.**

Denied.

**7.**

Because the investigation of this matter is ongoing, Defendants are currently without sufficient knowledge to admit or deny these allegations, thus, the allegations contained in Paragraph 7 are denied.

**8.**

Denied, including subparagraphs a. – g.

**9.**

Denied.

**10.**

Denied.

## COUNT II – NEGLIGENCE OF DEFENDANT SMITH TRANSPORT

**11.**

Defendant incorporates its prior responses and defenses as if fully set forth herein.

**12.**

The allegations of Paragraph 12 call for a legal conclusion to which no response is required. To the extent the allegations in Paragraph 12 are intended to impute liability to Defendants, those allegations are denied.

**13.**

The allegations of Paragraph 13 call for a legal conclusion to which no response is required. To the extent the allegations in Paragraph 13 are intended to impute liability to Defendants, those allegations are denied.

**14.**

Denied.

**15.**

Denied.

**16.**

Denied.

**17.**

Defendants deny the allegations contained in Plaintiff's Prayers for Relief and further deny that Plaintiff is entitled to any relief against Defendants whatsoever. Any allegation not specifically admitted in this Answer is denied, including the Paragraph beginning with "WHEREFORE" and including subparts (a) – (g).

This the 1st day of July, 2021.

Monarch Plaza, Suite 1600
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501
Email: mbarber@bakerdonelson.com
Email: bcole@bakerdonelson.com

**BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC**

 */s/  Brent W. Cole*
MARK A. BARBER
Georgia State Bar No. 036875
BRENT W. COLE
Georgia State Bar No. 294999

*Attorneys for Defendants Smith Transport PA, Inc. d/b/a Smith Transport, Inc. and Ellsworth Groce*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing **DEFENDANT SMITH TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey filing system, which will automatically send email notification of such filing to the following attorneys of record and via U.S. First Class Mail:

Hector J. Rojas, Jr.
Morgan & Morgan Atlanta, PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007

This 1st day of July, 2021.

                                        **BAKER, DONELSON, BEARMAN**
                                        **CALDWELL & BERKOWITZ, PC**

Monarch Plaza, Suite 1600                 _/s/ Brent W. Cole_
3414 Peachtree Road NE                   BRENT W. COLE
Atlanta, Georgia 30326                   Georgia State Bar No. 294999
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501               *Attorney for Defendants Smith Transport PA,*
Email: bcole@bakerdonelson.com           *Inc. d/b/a Smith Transport, Inc. and Ellsworth*
                                         *Groce*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CARL PARKER,<br><br>      **Plaintiff,**<br><br>vs.<br><br>**SMITH TRANSPORT PA, INC. d/b/a**<br>**SMITH TRANSPORT, INC. and**<br>**ELLSWORTH GROCE,**<br><br>      **Defendants.** | **CASE ACTION**<br>**FILE NO.: 21-C-02491-S4** |

## AFFIDAVIT OF BRENT W. COLE

COMES NOW, Brent W. Cole, and after being duly sworn by the undersigned officer authorized to administer oaths, does depose and state as follows.

1.      I am over the age of 18, laboring under no disabilities with regard to this Affidavit, and the information contained herein is within my personal knowledge.

2.      I am an attorney at Baker, Donelson, Bearman, Caldwell & Berkowitz, PC and counsel for Defendant Smith Transport, Inc.—incorrectly identified in Plaintiff's Complaint as Smith Transport PA, Inc. d/b/a Smith Transport, Inc. ("Smith Transport").

3.      On July 1, 2021, a formal answer was filed on behalf of Smith Transport which meets all of the defensive pleading requirements by admitting, denying, or denying as stated each allegation material to Plaintiff's claims. *See* Exhibit 1.

4.      On July 1, 2021, costs of this litigation were remitted to the Clerk of Court through certified funds. *See* Exhibit 2.

**EXHIBIT "F"**

5.      Costs were paid and Smith Transport's Answer was diligently filed after the Default Judgment of Smith Transport was entered.   A copy of the Answer and the receipt documenting payment of costs is attached to this Affidavit as Exhibits 1 and 2, respectively.

6.      Smith Transport does offer to plead *instanter* and has already filed its Answer to Plaintiff's Complaint.

7.      Smith Transport is ready to proceed to trial upon the merits of this matter upon the opening of any default.

8.      Defendant Ellsworth Groce has yet to receive service of process in this action.


Further affiant sayeth naught this 6th day of August, 2021.


_____
BRENT W. COLE


Sworn to and subscribed before me
this 6th day of August, 2021
and notarized on said date.

_____
Notary Public

My commission expires:
My Commission Expires
June 6, 2025

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02491-S4**

**7/1/2021 6:02 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CARL PARKER,<br><br>　　　Plaintiff,<br><br>vs.<br><br>SMITH TRANSPORT PA, INC. d/b/a SMITH TRANSPORT, INC. and ELLSWORTH GROCE,<br><br>　　　Defendants. | CASE ACTION<br>FILE NO.: 21-C-02491-S4 |

### DEFENDANT SMITH TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Smith Transport, Inc.—identified as Smith Transport PA, Inc. d/b/a Smith Transport, Inc.—("Smith Transport" or "Defendant"), raising defenses, answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred because of insufficiency of process and/or insufficiency of service of process against Defendant.

### THIRD DEFENSE

Under the doctrine of comparative or contributory negligence, Plaintiff's claims are barred in whole or in part by Plaintiff's own negligent failure to exercise reasonable care for his own safety. Accordingly, any recovery to which Plaintiff might otherwise be entitled—which Defendant denies—must be diminished to the extent Plaintiff's own negligence proximately caused or contributed to the accident and injuries alleged.

## EXHIBIT "1"

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, were caused, in whole or in part, by the acts or omissions of third persons and/or entities for whose conduct Defendant is not liable.

## FIFTH DEFENSE

Defendant is neither the cause in fact nor the proximate cause of Plaintiff's alleged damages.

## SIXTH DEFENSE

Plaintiff's damages, if any, were the proximate result of one or more preceding, subsequent, superseding, or intervening events over which Defendant had no control.

## SEVENTH DEFENSE

Plaintiff's claims are or may be barred by waiver and/or estoppel.

## EIGHTH DEFENSE

Defendant did not breach any duty owed to Plaintiff in tort; therefore, Plaintiff is barred from any recovery against Defendant.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred or reduced by Plaintiff's failure to exercise reasonable diligence to mitigate Plaintiff's alleged damages.

## TENTH DEFENSE

Defendants reserve the right to assert the defense of spoliation of evidence, if appropriate.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the assumption of the risk doctrine.

## TWELFTH DEFENSE

Defendant hereby gives notice that it intends to rely upon any other defenses or affirmative defenses that may become available or appear during the course of this case, and hereby reserve the right to amend its Answer to assert any such additional defenses or affirmative defenses.

## ANSWER TO PLAINTIFF'S COMPLAINT

Having raised affirmative defenses, and without waiving those defenses, Defendant responds to the specific allegations contained in Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

### 1.

Upon information and belief, admitted that Plaintiff is a citizen of the state of Georgia.

### 2.

Except to admit that Smith Transport, Inc. is a foreign corporation to the state of Georgia, the remainder of Paragraph 2 is denied.

### 3.

Except to admit that Defendant Groce is a resident of the State of North Carolina with the last known address of 238 Harrison Road, Norlina, North Carolina 27563, the remainder of Paragraph 3 call for legal conclusions, which do not require a response. To the extent the allegations of Paragraph 3 are intended to impute liability against Defendant, those allegations are denied.

## COUNT I – NEGLIGENCE OF DEFENDANT ELLSWORTH GROCE

### 4.

Defendant incorporates its prior responses and defenses as if fully set forth herein.

**5.**

Because the investigation of this matter is ongoing, Defendants are currently without sufficient knowledge to admit or deny these allegations, thus, the allegations contained in Paragraph 5 are denied.

**6.**

Denied.

**7.**

Because the investigation of this matter is ongoing, Defendants are currently without sufficient knowledge to admit or deny these allegations, thus, the allegations contained in Paragraph 7 are denied.

**8.**

Denied, including subparagraphs a. – g.

**9.**

Denied.

**10.**

Denied.

## COUNT II – NEGLIGENCE OF DEFENDANT SMITH TRANSPORT

**11.**

Defendant incorporates its prior responses and defenses as if fully set forth herein.

**12.**

The allegations of Paragraph 12 call for a legal conclusion to which no response is required. To the extent the allegations in Paragraph 12 are intended to impute liability to Defendants, those allegations are denied.

**13.**

The allegations of Paragraph 13 call for a legal conclusion to which no response is required. To the extent the allegations in Paragraph 13 are intended to impute liability to Defendants, those allegations are denied.

**14.**

Denied.

**15.**

Denied.

**16.**

Denied.

**17.**

Defendants deny the allegations contained in Plaintiff's Prayers for Relief and further deny that Plaintiff is entitled to any relief against Defendants whatsoever. Any allegation not specifically admitted in this Answer is denied, including the Paragraph beginning with "WHEREFORE" and including subparts (a) – (g).

This the 1st day of July, 2021.

Monarch Plaza, Suite 1600
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501
Email: mbarber@bakerdonelson.com
Email: bcole@bakerdonelson.com

**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ, PC**

  _/s/  Brent W. Cole_
MARK A. BARBER
Georgia State Bar No. 036875
BRENT W. COLE
Georgia State Bar No. 294999

*Attorneys for Defendants Smith Transport PA,*
*Inc. d/b/a Smith Transport, Inc. and Ellsworth*
*Groce*

5

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **DEFENDANT SMITH TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey filing system, which will automatically send email notification of such filing to the following attorneys of record and via U.S. First Class Mail:

Hector J. Rojas, Jr.
Morgan & Morgan Atlanta, PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007


This 1st day of July, 2021.

|  |  |
|---|---|
|  | **BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC** |
| Monarch Plaza, Suite 1600 | _/s/ Brent W. Cole_ |
| 3414 Peachtree Road NE | BRENT W. COLE |
| Atlanta, Georgia 30326 | Georgia State Bar No. 294999 |
| Telephone:  (404) 577-6000 |  |
| Facsimile:  (404) 221-6501 | *Attorney for Defendants Smith Transport PA,* |
| Email: bcole@bakerdonelson.com | *Inc. d/b/a Smith Transport, Inc. and Ellsworth* |
|  | *Groce* |

**OFFICIAL RECEIPT**
**Tiana P. Garner Clerk of Superior, State & Magistrate Courts Gwinnett County Georgia**
**www.gwinnettcourts.com**

Payor
SMITH TRANSPORT PA, INC.
289 S CULVER ST
LAWERENCEVILLE, GA 30046

Receipt No.
**2021-97933**

Transaction Date
07/1/2021

| Description | Amount Paid |
| --- | --- |

SMITH TRANSPORT PA, INC.
   21-C-02491-S4
     PARKER VS SMITH TRANSPORT PA, INC. et al

| | |
| --- | --- |
| State Civil Open Default Fee | 211.00 |
| **SUBTOTAL** | **211.00** |
| Remaining Balance Due:  $0.00 | |

| **PAYMENT TOTAL** | **211.00** |
| --- | --- |

| Check / Money Order / Cashier's Check (Ref #5506907612) Tendered | 211.00 |
| --- | --- |
| Total Tendered | 211.00 |
| Change | 0.00 |

| 07/01/2021 | Cashier | Audit |
| --- | --- | --- |
| 04:19 PM | Station CS26 | 13342936 |

**OFFICIAL RECEIPT**

**EXHIBIT "2"**

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02491-S4**

**7/23/2021 2:50 PM**

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CARL PARKER,                             )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )   CIVIL ACTION FILE
                                         )   NO. 21-C-02491-S4
ELLSWORTH GROCE, et al,                  )
                                         )
            Defendant,                   )

DISMISSAL FOR WANT OF PROSECUTION AS TO ELLSWORTH GROCE

The above-styled case having been called in its order on the Civil No Service Calendar of

July 15, 2021, and no appearance being made by Plaintiff,

IT IS HEREBY ORDERED, that process abate therein and said case be dismissed

without prejudice.

SO ORDERED this __23__ day of July, 2021.

_____
RONDA COLVIN LEARY, Judge
State Court of Gwinnett County

Copy to:

Hector J Rojas Jr (via email)
hrojasjr@forthepeople.com

**EXHIBIT "G"**

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02491-S4**
**7/27/2021 11:56 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CARL PARKER,                            )
                                        )
    Plaintiff,                          )
                                        )        Case number:
                                        )        21C-2491-4
vs.                                     )
                                        )
                                        )
ELLSWORTH GROCE, et. al.,               )
                                        )
    Defendant.                          )

<u>ORDER VACATING ORDER DISMISSING CASE</u>

The above-styled case was inadvertently dismissed for want of prosecution on July 23, 2021.

However, this Court had previously continued this matter from the July 15th calendar.

Therefore, the Dismissal for Want of Prosecution entered by this Court on July 23rd is hereby vacated and set aside.

SO ORDERED this 27 day of _____July_____, 2021.

Ronda Colvin Leary, Judge
State Court of Gwinnett County

copies to:

counsel of record

**EXHIBIT "H"**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARL PARKER,**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**SMITH TRANSPORT PA, INC. d/b/a**<br>**SMITH TRANSPORT, INC. and**<br>**ELLSWORTH GROCE,**<br><br>    **Defendants.** | **CASE ACTION**<br>**FILE NO.: 21-C-02491-S4** |

### AFFIDAVIT OF KEVIN WARNER

STATE OF PENNSYLVANIA

COUNTY OF BLAIR

    PERSONALLY APPEARED before me, the undersigned officer duly authorized to administer oaths, KEVIN WARNER, who after being duly sworn, deposes and says the following:

    1.    I am over the age of eighteen (18) years old, I am not suffering from a mental disability, and I am legally competent to make this Affidavit.

    2.    This Affidavit is based upon my personal knowledge.

    3.    I am the Accident / Safety Coordinator at Smith Transport, Inc., and was in that position on March 30, 2021.

    4.    In my position as Accident / Safety Coordinator I receive notice of service of process for litigation from Smith Transport, Inc.'s registered agents.

### EXHIBIT "I"

5.      Since March 30, 2021, Smith Transport, Inc. did not receive notice of service of process in this case from its registered agent in Georgia, CT Corporation System, until after an Order on Motion for Default was entered in the case.

6.      Therefore, Smith Transport, Inc. was not aware that this case was in suit until after the Order on Motion for Default was entered.

7.      Smith Transport, Inc. does not know whether the error in the name used to identify Smith Transport, Inc. as a defendant in this case—identified as Smith Transport PA, Inc.—resulted in confusion on the part of CT Corporation System or others regarding service of process.

FURTHER AFFIANT SAYETH NAUGHT.


                                        Kevin Warner
                                        Accident / Safety Coordinator
                                        Smith Transport, Inc.


Sworn to and subscribed before me
This 6th day of August, 2021.


NOTARY PUBLIC
My commission expires: July 31, 2025


Commonwealth of Pennsylvania - Notary Seal
Marsha L. Josapak, Notary Public
Blair County
My commission expires July 31, 2025
Commission number 1218779
Member, Pennsylvania Association of Notaries


Affidavit of Kevin Warner
Page 2 of 2